918 F.2d 179
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth IZZARD, Defendant-Appellant.
 Nos. 90-1293, 90-1318.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1990.
 
 Before BOYCE F. MARTIN, Jr., and ALAN E. NORRIS, Circuit Judges, and WISEMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Kenneth Izzard was convicted of possession of a firearm in violation of the Armed Career Criminal Act, 18 U.S.C. Sec. 934(e)(1). On appeal, Izzard challenges the district court's finding of probable cause to initiate a Terry stop and frisk, the constitutionality of the Armed Career Criminal Act, and the admissibility of his prior convictions. For the following reasons, we affirm.
 
 
 2
 Izzard and an associate, Mr. Beard, were arrested outside Detroit's Greyhound Bus Terminal. The two were initially approached by officers because Izzard matched a general description the police had of an individual who was suspected of drug activity and armed robbery in the area. The suspect was described as a "black male, about 5'9"-5'10", 140 lbs, dark complexion, angular face (unshaven) ... estimated 36-40 years of age," who had been observed near the newspaper vending machines at the terminal.
 
 
 3
 The district court found that after the officers approached Izzard and Beard, Izzard began walking away and was seen by the officers reaching into his breast coat pocket in a threatening manner. At that time, the officers stopped Izzard and frisked him, revealing Izzard to be in the possession of a revolver. Izzard was subsequently charged with the wrongful possession of a firearm by a felon, in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(1)(B). At trial, Izzard attempted to suppress the revolver claiming the arresting officers lacked probable cause to initiate a Terry stop and frisk. His motion to suppress was denied, and he was sentenced to a fifteen year prison term, pursuant to the Armed Career Criminal Act.
 
 
 4
 Izzard argues that the district court erred in finding that the police had probable cause to search him. He asserts that the general description given to the police was too vague to give the arresting officers an objective grounds for questioning him, as required by Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964), and also challenges the district court's finding that he reached into his breast coat pocket.
 
 
 5
 These arguments are without merit. The initial approach of the officers toward Izzard does not implicate his fourth amendment rights because he was at all times free to leave. United States v. Garcia, 866 F.2d 147 (6th Cir.1989). The district court found that the ensuing patdown was justified because Izzard had reached into his breast coat pocket, providing ample cause for the limited intrusion of a stop and frisk search. Terry v. Ohio, 392 U.S. 1, 89 S.Ct. 1868, 20 L.Ed.2d 888 (1968). This finding by the district court was based upon a credibility determination of conflicting testimony. Such a credibility determination will not be disturbed by this Court. United States v. Meyers, 646 F.2d 1142, 1146 (6th Cir.1981).
 
 
 6
 Izzard's other arguments are also meritless. His claim that the sentence enhancing provision of the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e), is unconstitutional because it is an ex post facto law is contrary to Sixth Circuit authority as United States v. Ykema, 887 F.2d 697, 700 (6th Cir.1989), cert. denied --- U.S. ----, 110 S.Ct. 878, 107 L.Ed.2d 961 (1990), concluded that a similar repeat offender law did not violate the ex post facto prohibition by increasing the punishment for the latest crime. See also United States v. Leonard, 886 F.2d 1393 (5th Cir.1989); United States v. Jordan, 870 F.2d 1310 (7th Cir.1989) (holding 18 U.S.C. Sec. 924(e) not to violate ex post facto provision). Izzard's final claim, that Rule 609(b) of the Fed.R.Evid. bars the admission of his prior convictions which are more than ten years old, is unfounded as Rule 609 only applies to the admissibility convictions offered for impeachment purposes, and does not serve to limit the enforcement of the Armed Career Criminal Act.
 
 
 7
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief United States District Judge for the Middle District of Tennessee, sitting by designation